106 F.3d 426
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dennis K. FRANZEN, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 96-3243.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1997.
 
 Before RICH, CLEVENGER and BRYSON, Circuit Judges.
 
 PER CURIAM
 
 1
 Dennis K. Franzen (Franzen), appeals from the 20 June 1995 decision of the Merit Systems Protection Board (MSPB) No. AT0752950564-I-1, sustaining his removal from his employment at the Department of Veterans Affairs (VA) for conduct unbecoming a federal employee. For the reasons discussed below, we affirm.
 
 
 2
 In 1990, Franzen was appointed to the position of therapeutic radiologic technician at a VA hospital. At some time before the incidents that gave rise to his dismissal, Franzen participated in training programs designed to prevent sexual harassment in the VA and was informed of the VA's policy on preventing sexual harassment.
 
 
 3
 In January 1994, a female first-year student in radiation therapy from a local college began an internship at the VA hospital under Fanzen's supervision. After the internship was completed, the hospital and VA administrative staff learned that Franzen had made inappropriate sexual comments to the female intern on five separate occasions. After learning of these comments, the VA charged Franzen with five instances of conduct unbecoming a federal employee and notified him that he was removed from his position effective 3 February 1996. Franzen appealed the VA's decision to the MSPB.
 
 
 4
 On 16 May 1995, the MSPB conducted a hearing before Administrative Judge Miller to take evidence and hear arguments. During the hearing, Franzen was represented by counsel and witnesses were subjected to direct and cross-examination. After the hearing, Judge Miller drafted a thorough opinion in which he reached the decision to affirm the VA's removal of Franzen.
 
 
 5
 Our review of MSPB decisions is provided by 5 U.S.C. § 7703(c) (1994). The scope of our review is narrow and we must affirm an MSPB decision unless, inter alia, we find it to be
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence....
 
 
 9
 Id.
 
 
 10
 On appeal, Franzen baldly asserts that the factual findings concerning the specific conduct at issue were not supported by substantial evidence because there was contradictory testimony. We are not persuaded. Judge Miller considered the contradicting testimony but found it to have little weight. For example, Judge Miller noted that some unrelated specific evidence of good behavior did not disprove the occurrence of specific events of bad behavior.
 
 
 11
 Franzen also asserts on appeal that Judge Miller abused his discretion in evaluating the reasonableness of the penalty imposed on Franzen. Again we are not persuaded. Judge Miller expressly balanced the equities on this point. For example, Judge Miller noted rehabilitation was unlikely since the prior VA training in sexual harassment prevention had not prevented the acts in the first instance.
 
 
 12
 Because we are not persuaded by either of Franzen's arguments to disturb the decision below, we affirm on the basis of the MSPB's opinion.